Argued and submitted January 28, affirmed March 24, 1999

## In the Matter of the Marriage of

### Armando MATUS,
*Respondent,*

*and*

### Margie T. MATUS,
*Appellant.*

### (15-97-06115; CA A101993)

976 P2d 1179

Jeffrey E. Potter argued the cause for appellant. With him on the brief were Lombard, Gardner, Honsowetz, Potter & Budge and F. William Honsowetz.

Martha J. Rodman argued the cause for respondent. With her on the brief was Gleaves Swearingen Larsen Potter Scott & Smith LLP.

Before Landau, Presiding Judge, Wollheim, Judge, and Warden, Senior Judge.

LANDAU, P. J.

## LANDAU, P. J.

Wife appeals a dissolution judgment, challenging the trial court's decision with respect to parenting time, child support, and spousal support. We affirm as to the parenting time and child support without discussion. We write only to address the trial court's award of spousal support. We conclude that, although the trial court applied an incorrect standard in setting the duration of support, the award is correct.

The trial court awarded $750 per month for six years. In arriving at that duration, the court stated that its decision was based on two factors. First, it considered the fact that, in six years, wife's day-to-day responsibilities for the parties' minor children will largely have ended. Second, the court explained: "I've typically — I've seen other judges typically use half the length of the marriage to be appropriate for the length of spousal support." Wife contends that the trial court erred in relying on such a formula for setting the duration of spousal support and that an award of indefinite support is appropriate. Husband contends that, whether or not the trial court reached its decision for the right reason, the decision nevertheless is correct.

An award of spousal support to wife is to be set "for such period of time as it may be just and equitable" for husband to pay. ORS 107.105(1)(d). We do not attempt to enable one spouse to look to the other indefinitely for support. *Wolhaupter-Heinzel and Heinzel*, 108 Or App 514, 521, 816 P2d 672, *rev den* 312 Or 526 (1991). We set the duration

> " 'on terms that are equitable between the parties,' taking into account both need and ability to pay and keeping in mind 'the goal of ending the support-dependency relationship within a reasonable time if that can be accomplished without injustice or undue hardship.' "

*Christensen and Christensen*, 123 Or App 412, 416, 859 P2d 1192 (1993) (quoting *Grove and Grove*, 280 Or 341, 350, 571 P2d 477, *mod* 280 Or 769, 572 P2d 1320 (1977)). Duration of the marriage is a relevant consideration. ORS 107.105(1)(d). It is not dispositive, however. *Christensen*, 123 Or App at 416. Certainly the duration of support cannot be dictated by applying a fixed percentage of the length of the marriage.

Duration of spousal support instead must be based on a consideration of all relevant factors in the context of the specific facts of each case. Those factors include the age and health of the parties, the number of dependent children, the earning capacity, employment skills, and work experience of each party, the extent to which the earning capacity of a party is impaired by an extended absence from the job market to attend to family needs, and the division of the parties' property. *Id.*

■       In this case, the parties were married for 12 years. Wife is 46. She worked throughout the marriage. Her most recent position was as a customer sales representative for a pipe company, which, at the time of separation, paid $32,000 annually. Upon separation, however, wife quit her job and moved to California. She currently does volunteer work in exchange for housing at a church where her sister is the pastor. Husband works as an operations manager at Foster Farms. He is paid approximately $80,000 annually, plus bonuses, depending on the profitability of the company. Wife has no serious medical problems that interfere with her employability. Her job prospects have not been hampered by an absence from the market to attend to family needs. She has custody of the parties' two minor children, ages 8 and 11. Husband was ordered to pay child support of approximately $1,000 per month. He also was ordered to pay the travel expenses associated with the children's visitation at husband's Oregon residence. Wife was awarded the family residence, which, in 18 months, she will own free and clear. In light of those facts, we evaluate the trial court's award of $750 per month for six years.

On *de novo* review, ORS 19.415(3), we conclude that the duration of support is appropriate. The length of the marriage, the age and health of the parties, wife's employment record, the ages of the children, the property division, and the general policy of ending the support-dependency relationship if reasonably possible do not support an award of a greater amount or a longer duration. We therefore conclude that the trial court did not err. We therefore affirm the dissolution judgment and award husband his costs, not including his attorney fees. In specifying that we do not include attorney

fees in the award of costs, we hold only that we make no decision as to attorney fees at this juncture. We will consider whether to award attorney fees, and if so, the amount after receiving appropriate motion papers from the parties.

Affirmed.