Submitted February 25, affirmed May 6, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NOLEN BRICE BROCK,
*Defendant-Appellant.*

Umatilla County Circuit Court
CFH120091; A154553

349 P3d 613

Peter Gartlan, Chief Defender, and Laura E. Coffin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Sarah M. Villanueva, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

DEVORE, J.

**DEVORE, J.**

Defendant appeals a judgment of conviction for two methamphetamine offenses. He assigns error to the trial court's denial of his motion to suppress drug-related evidence discovered in the car he was driving. He argues that the evidence was obtained in violation of his rights under Article I, section 9, of the Oregon Constitution because the automobile exception should not properly apply under the circumstances of this case.[1] We review the trial court's denial of defendant's motion to suppress for legal error and are bound by the trial court's express and implicit findings of fact, if there is sufficient evidence in the record to support them. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). We affirm.

The facts are undisputed. In the early morning hours of September 10, 2011, Deputy Freshner drove by two cars parked on the side of the road. Defendant's car was improperly parked facing oncoming traffic. Another man stood outside of the vehicles. Freshner pulled off the road and began running defendant's license plate with dispatch, noting that the car had 2012 registration tags. The man standing near defendant approached Freshner in his patrol car and said that they had broken down but that they were "[g]ood to go here in a second." Within a few moments, defendant and the other man separately drove away. About that time, dispatch told Freshner that the registration on defendant's car had expired in 2008.

Freshner turned his patrol car around and caught up to defendant. He verified the plate number on defendant's car and turned on his overhead lights to make a traffic stop. After defendant pulled over, Freshner determined that defendant was not the registered owner of the car and that the registered owner did not have a valid driver license. Defendant admitted that his driver license had been suspended and that he did not have any identification. Dispatch ran defendant's name and birth date to look for outstanding warrants. While waiting for dispatch's response, Freshner

---

[1] Article I, section 9, provides, in part, "No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure[.]"

asked defendant about the car. Defendant said that he had purchased the car that day from an unknown man in a field. He did not have a bill of sale or proof of insurance. When asked, he offered no explanation as to why the car had 2012 tags while the car's registration had expired in 2008. Freshner noticed that defendant was abnormally nervous, fidgety, and "kept trying to reach in his pants" for his colostomy bag. Defendant made multiple attempts to reach down toward the floorboard "and get something else[,]" claiming that he wanted a cigarette. Freshner believed that the car and registration were involved in a theft-related offense, such as theft by receiving or theft of mislaid property.

After about 10 minutes, dispatch reported that defendant was wanted on an outstanding warrant. When Freshner first attempted to arrest defendant, defendant "made a lunge back towards the car" requiring "physical force to put him against the car to get him in handcuffs." After securing defendant, Freshner searched the car and found "a dealer amount" of methamphetamine under the driver's seat.[2]

Defendant was charged with unlawful delivery of methamphetamine, ORS 475.890, and unlawful possession of methamphetamine, ORS 475.894.[3] He moved to suppress the drug-related evidence. In his opening statement at a suppression hearing, defendant, through counsel, stated that his argument would focus on whether Freshner had probable cause to search. Freshner testified that individuals falsify tags on their vehicles for several reasons, including instances in which individuals have "a stolen vehicle and they're trying to conceal the identity of the true registration." In his closing argument, defense counsel reemphasized that the evidence should be suppressed because it was discovered during a search that was not supported by probable cause. The state contended that the search of the car was lawful because Freshner "had probable cause to search the vehicle pursuant to the automobile exception for evidence of * * * [the] crime."

---

[2] At trial, a witness testified that the methamphetamine weighed 26.57 grams.

[3] The indictment alleged that the offenses involved a substantial quantity of methamphetamine, ORS 475.900 (2013).

The trial court denied the motion to suppress. In a letter opinion, the court determined that Freshner "had probable cause to search the vehicle for evidence of the crime of unlawful use of a motor vehicle." The court referred to the car's mobility under the automobile exception to the warrant requirement, concluding that "the vehicle was constructively mobile and subject to search without a warrant." The court did not, however, indicate which of Freshner's contacts with defendant, if any, would support mobility at the time it was first encountered for the purpose of the automobile exception. *See State v. Brown*, 301 Or 268, 276, 721 P2d 1357 (1986); *see also State v. Andersen*, 269 Or App 705, 714, 719, 346 P3d 1224 (2015) (requiring mobility at the time a vehicle is "first encountered" by police in connection with a crime).

On appeal, defendant assigns error to the trial court's denial of his motion to suppress evidence. He makes two arguments. First, he argues that, under the automobile exception, the state did not establish that the car was mobile at the time that Freshner first encountered it in connection with a crime. Second, he argues that, notwithstanding his first argument, the automobile exception does not apply because Freshner "lacked probable cause to search the vehicle for evidence of theft." The state responds that defendant's first argument is unpreserved and, regardless, that he is incorrect on the merits of both his arguments.

We agree that defendant's first argument is not preserved. "Ordinarily, this court will not consider an issue on appeal unless it was first presented to the trial court." *State v. Whitmore*, 257 Or App 664, 666, 307 P3d 552 (2013) (citing *Kaptur and Kaptur*, 256 Or App 591, 594, 302 P3d 819 (2013)); *see also* ORAP 5.45(1). Preservation rules exist to ensure fairness to parties and to provide the trial court an opportunity to avoid an erroneous ruling. *See State v. Walker*, 350 Or 540, 548, 258 P3d 1228 (2011).

At the suppression hearing, defendant argued only that there was no probable cause at the time of the search as required by the automobile exception. On appeal, he raises a different argument that, at the time police first contacted defendant, the car was not mobile, and, thus, the automobile exception should not apply. The trial court raised a separate

and very different issue on its own. Defendant did not apprise the trial court or the state of the issue he now raises. Given the purpose of the preservation requirement—to avoid surprise and to allow the trial court the opportunity to correct an alleged error—we conclude that defendant's argument is not preserved, and we do not review it.

We turn to defendant's argument that Freshner did not have probable cause to search. "Under the automobile exception, an officer may conduct a warrantless search of a vehicle provided that (1) it is 'mobile' at the time it is encountered by police or other governmental authority and (2) probable cause exists for the search." *State v. Bennett/ McCall*, 265 Or App 448, 454-55, 338 P3d 143 (2014) (citing *Brown*, 301 Or at 276). Police must have "probable cause to believe that a person's automobile * * * contains contraband or crime evidence[.]" *Brown*, 301 Or at 276. "Probable cause to search requires both that an officer subjectively believe a crime has been committed and that the belief is objectively reasonable under the circumstances." *Bennett/McCall*, 265 Or App at 455 (citing *State v. Getzelman*, 178 Or App 591, 595, 39 P3d 195, *rev den*, 334 Or 289 (2002)). "The objective reasonableness of that belief is subject to a 'more likely than not' standard that does not require proof beyond a reasonable doubt." *Bennett/McCall*, 265 Or App at 455. Objective probable cause implicates a legal, rather than a factual question. *State v. Currin*, 258 Or App 715, 719, 311 P3d 903 (2013).

On appeal, defendant does not argue that Freshner lacked the requisite subjective belief to establish probable cause.[4] He argues that Freshner's belief was not objectively reasonable and, therefore, that he did not have probable cause to search the car for theft-related evidence. In support of his argument, he contends that "[t]heft of registration stickers merely provided one explanation for the facts that Freshner observed; it was neither the only explanation nor the most probable one."

---

[4] Defendant acknowledges that Freshner testified that he believed that if he searched the car he would find "more information about who actually owned" it and that Freshner thought that he had probable cause to believe that defendant had committed "theft by receiving of the stickers, [or] theft of mislaid property at the minimum."

In this case, there was a variety of evidence supporting an objective belief that the car was involved in a theft-related offense. That evidence included the fraudulent use of 2012 registration tags, defendant's inability to produce a bill of sale and proof of insurance, the fact that the car was listed as registered to another owner who did not have a license, and defendant's behavior at the time Freshner attempted to arrest him. It is true that defendant provided Freshner with an implied alternative explanation for the 2012 registration tags: that is, that whoever had sold the car to him that day had placed the tags there. Nothing, however, obliged Freshner to accept that conclusion. Indeed, Freshner testified that, in his experience, falsified tags can be indicative of a stolen vehicle and an attempt "to conceal the identity of the true registration." Under the totality of the circumstances in this case, we conclude that Freshner's belief that there would be evidence of a theft-related crime in the car was objectively reasonable and that there was probable cause to support the search.

Affirmed.