Submitted January 8, reversed and remanded for reconsideration of child support and spousal support; otherwise affirmed March 2, 2016

In the Matter of the Marriage of

James S. BOURIS,
*Petitioner-Respondent,*
*and*

Sherry M. BOURIS,
nka Sherry M. Woodyard,
*Respondent-Appellant.*

Crook County Circuit Court
13DR03322; A158666

369 P3d 1186

Sherry M. Woodyard filed the brief *pro se.*

No appearance for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

DUNCAN, P. J.

## DUNCAN, P. J.

In this domestic relations case involving the dissolution of a 22-year marriage, wife appeals from a judgment dividing the parties' assets, awarding her $500 in monthly transitional spousal support for five years, and requiring her to pay husband child support of $300 per month for the parties' 16-year-old son. We reject without further discussion wife's contention that the trial court erred in dividing the marital property. But, because we conclude that the record does not support the trial court's imputation to wife of a full-time monthly minimum wage of $1,551, and because that determination affects, in turn, the determination of spousal support and child support, we reverse and remand the judgment for reconsideration of spousal support and child support.

Wife has requested *de novo* review. *See* ORS 19.415(3) (Court of Appeals has discretion to review *de novo* in equitable actions.). We exercise our discretion to review *de novo* only in exceptional cases and we are not persuaded that this is such a case. *See* ORAP 5.40(8)(c) ("The Court of Appeals will exercise its discretion to try the cause anew on the record or to make one or more factual findings anew on the record only in exceptional cases."). Accordingly, we decline to review the case *de novo* and are bound by the trial court's findings, provided they are supported by evidence in the record. *Kaptur and Kaptur*, 256 Or App 591, 596 n 2, 302 P3d 819 (2013) (in a domestic relations case, if we do not exercise our discretion to review *de novo*, we review the trial court's factual findings to determine whether they are supported by any evidence).

At the time of trial, wife was 57 years of age and husband was 49. The trial court found that husband, who is trained as a farrier, has the greater earning capacity. The record shows that, although wife worked at a minimum wage job during the marriage, the parties have agreed that wife should quit her job to attend college in order to obtain a degree in social work and increase her earning capacity. Thus, wife is a full-time student. While she is in school, she is not working and is supporting herself with student loans and financial aid. In recognition of that circumstance, the trial court awarded wife monthly transitional spousal

support of $500 for five years.[1] But the trial court nonetheless imputed to wife the ability to earn a full-time minimum wage for purposes of the calculation of child support and, based on that presumed income, ordered wife to contribute $300 to the support of the parties' son.[2] In light of wife's full-time status as a student, we conclude that the court's imputation of full-time income is not supported by the evidence in the record.[3] Because the court's imputation of full-time

---

[1] No doubt, the parties' limited financial resources, as well as uncertainty concerning husband's actual income, played a significant role in the trial court's decision to award wife only $500 in transitional support and no maintenance support, although maintenance support would ordinarily be warranted in a long-term marriage such as this in which there is a disparity in earning capacities. ORS 107.105(1)(d)(C) (describing factors to be considered by the court in awarding spousal maintenance support); *see, e.g., Morrison and Morrison,* 240 Or App 656, 671, 247 P3d 1281 (2011) (awarding indefinite maintenance support in long-term marriage in which there was a disparity in earning capacity). As the trial court noted in its ruling from the bench,

"This case presents, at first glance, a real challenge to this court in that we have a 57-year-old woman who has committed 22 years of her life to a marriage that is today being dissolved. And in that circumstance [wife] has entitlements and [husband] has obligations.

"And in a perfect world where there's plenty of money to go around it would be very easy for this court to make the appropriate spousal support awards that I think are called for in this case based, if for no other reason, on the fact that it is a lengthy marriage and she's, you know, 57-years-old and there is a disparity in income and has been up to this point. But this isn't a perfect world and the money isn't there. I have no doubt that [husband] earns more than what we see reflected on the documents. The difficulty for all of us is that my ruling has to be based upon evidence and not speculation or conjecture."

[2] A parent's income is "the actual or potential gross income of a parent," depending on the circumstances. OAR 137-050-0715(1). If a parent's actual income is less than the parent's potential income, a court may impute potential income to the parent. OAR 137-050-0715(6).

"'Potential income' means the parent's ability to earn based on relevant work history, including hours typically worked by or available to the parent, occupational qualifications, education, physical and mental health, employment potential in light of prevailing job opportunities and earnings levels in the community, and any other relevant factors. A determination of potential income includes potential income from any source described in section 4 of this rule."

OAR 137-050-0715(3). Given the parties' agreement that wife would be a full-time student, the trial court could not base wife's potential income on full-time employment.

[3] Wife also presented uncontroverted testimony that she has brain injuries that prevent her from working while she is a full-time student. We note that under OAR 137-050-0715(8)(a), the presumed income of a parent with a "verified disability" is the parent's actual income.

income bears on the determination of both child support and spousal support, we reverse those awards and remand for further proceedings.

Reversed and remanded for reconsideration of child support and spousal support; otherwise affirmed.