Argued and submitted April 19, vacated and remanded May 26, 2021

In the Matter of the Marriage of

Nathan Z. UNGERMAN,
*Petitioner-Respondent,*
*and*

Serenity J. UNGERMAN,
nka Serenity J. Hall,
*Respondent-Appellant.*

Jackson County Circuit Court
17DR07050; A172680

492 P3d 1280

Mother appeals a supplemental judgment awarding father custody of their three children. On appeal, mother assigns error to the trial court's ruling that there had been a change of circumstances that would justify a change of custody. Among other points, mother argues that the trial court's decision largely rests on an erroneous factual finding. *Held*: The trial court's determination that circumstances relevant to the capacity of mother to take care of the children properly had changed was based, in large part, on a finding not supported by evidence in the record.

Vacated and remanded.

Timothy C. Gerking, Judge.

Jamie L. Hazlett argued the cause and filed the brief for appellant.

Melisa A. Button and Stefanie L. Burke filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

TOOKEY, J.

Vacated and remanded.

**TOOKEY, J.**

Mother appeals a supplemental judgment awarding father custody of their three children. On appeal, in her third assignment of error, mother assigns error to the trial court's ruling "that there had been a change of circumstances that would justify a change of custody over to Father, as there was insufficient evidence to support that ruling." Among other points, mother argues that the "trial court's decision largely rests on an erroneous factual finding." We agree with mother and, for the reasons that follow, we vacate and remand for reconsideration.[1]

## FACTS & PROCEDURAL HISTORY

In this case, it suffices to recount, without a lengthy recitation of the facts, that mother and father divorced, and mother was awarded sole custody of their three minor children. Father subsequently moved to modify custody.

During the evidentiary hearing on father's motion to modify custody, testimony was given concerning two reports that had been made to the Department of Human Services (DHS), one of which concerned mother's purported "neglect" of the children. Undisputed evidence during the evidentiary hearing reflected that both DHS reports were closed by DHS as "unfounded," and a DHS employee testified that the reports were closed as "unfounded" because DHS was "able to get enough information to say that none of the allegations were true."

Additionally, at the evidentiary hearing, evidence was presented about various concerns father had regarding "hygiene" issues when the children were in mother's care; school attendance issues when the children were in mother's care; mother's violation of a no contact order with mother's former boyfriend, J; and J's drug use.

The trial court determined that there had been "an unanticipated change in circumstance since the entry of the General Judgment" and that it was "in the children's

_____

[1] In her first two assignments of error, mother assigns error to the trial court's denial of her motion for a new trial. Our resolution of mother's third assignment of error obviates the need for us to address mother's first two assignments of error.

best interest to change custody from mother to father." In making its change of circumstances determination, the trial court focused on "three pieces of evidence," which, in its view, reflected "conduct [that] might be injurious to the child[ren] or a lack of inclination to care for the child[ren] in the best possible manner." The trial court explained that, of those three pieces of evidence, the issue that "concern[ed it] the most" was one of the DHS reports—*viz.*, "the neglect report to DHS that was determined to be founded." It also expressed concerns regarding one of the children's school attendance and "hygiene" issues regarding the children.[2]

## ANALYSIS

A parent seeking to change custody must demonstrate two things:

> "(1) After the original judgment or the last order affecting custody, circumstances relevant to the capacity of either the moving party or the legal custodian to take care of the child properly have changed, and (2) considering the asserted change of circumstances in the context of all relevant evidence, it would be in the child's best interests to change custody from the legal custodian to the moving party."

*Botofan-Miller and Miller*, 365 Or 504, 520, 446 P3d 1280 (2019) (internal quotation marks and brackets omitted).

With regard to whether "circumstances relevant to the capacity of either the moving party or the legal custodian to take care of the child properly have changed," the Supreme Court has observed that "the child custody statutes do not specify what the concept of a change of circumstances means." *Id.* (internal quotation marks omitted). However, the Supreme Court "has made clear that, to justify a change in custody, a change of circumstances must be 'material.'" *Id.* (quoting *State ex rel Johnson v. Bail*, 325 Or 392, 398, 938 P2d 209 (1997)). "A material change is one that is adverse to [the] child's welfare." *Id.* "That is, a new development may be considered a legally sufficient change in circumstances

---

[2] The trial court also made a finding that (1) mother violated the "no contact" order with J, and (2) that J had a "drug habit" that mother was aware of and that "was going on *** in the children's presence."

only if it is shown that the change has 'injuriously affected the child' or affected the custodial parent's 'ability or inclination to care for the child in the best possible manner.'" *Id.* at 520-21 (quoting *Boldt and Boldt*, 344 Or 1, 9, 176 P3d 388 (2008)). "[W]hether the facts are sufficient to establish a change of circumstances is a legal question reviewed for legal error." *Johnson and Johnson*, 309 Or App 682, 691, 483 P3d 1174 (2021) (internal quotation marks omitted).

In reviewing a trial court's change of circumstances determination, absent *de novo* review, we are "bound by the trial court's express and implied factual findings, if there is evidence in the record to support them." *Id.* at 688 (citing *Botofan-Miller*, 365 Or at 505). "We infer an implied finding 'where we can deduce that the trial court's chain of reasoning must necessarily have included' it." *Id.* (quoting *State v. Lunacolorado*, 238 Or App 691, 696, 243 P3d 125 (2010), *rev den*, 350 Or 530 (2011)).[3]

On appeal, mother argues that, "[g]iven that the trial court's understanding of the DHS neglect report cannot be supported by the record, the trial court erred in finding that there was legally sufficient evidence to show that circumstances have sufficiently changed since the original custody order to justify custody modification." In response, father contends that the "trial court's finding that the DHS report was founded was a minor mistake, and the trial court's remaining findings and the evidence on the record provided ample support to its determination of a change of circumstances."

The "'function of appellate review' is 'to correct errors of the trial court.'" *John Hyland Const., Inc. v. Williamsen & Bleid, Inc.*, 287 Or App 466, 471, 402 P3d 719 (2017) (quoting *Falk v. Amsberry*, 290 Or 839, 843, 626 P2d 362 (1981)); *see State v. Rossiter*, 300 Or App 44, 54, 453 P3d 562 (2019), *rev'd on other grounds*, 367 Or 217, 474 P3d 390 (2020) ("This court's fundamental function is to *review* the decisions of trial courts and administrative agencies." (Emphasis in

---

[3] Mother requests *de novo* review, but such review is discretionary, and we are unpersuaded to provide it here. *See* ORS 19.415(3)(b) (granting us "sole discretion" whether to allow *de novo* review in equitable proceedings); ORAP 5.40(8)(c) (limiting *de novo* review to "exceptional cases").

original.)). In doing so, we decide whether the trial court applied legal principles correctly to the facts it found, so long as those findings of fact are supported by evidence in the record. *See State v. Uroza-Zuniga*, 287 Or App 214, 217-18, 402 P3d 772 (2017), *aff'd*, 364 Or 682, 439 P3d 973 (2019) (noting, in the context of a motion to suppress evidence, that "[o]n appeal, we are bound by the trial court's findings of historical fact if constitutionally sufficient evidence in the record supports those findings; our function, on review, is to decide whether the trial court applied legal principles correctly to those facts"). Needless to say, in exercising our review function, "[s]ome explanation by trial courts * * * greatly assists this court." *Grisby v. Progressive Preferred Ins. Co.*, 233 Or App 210, 222, 225 P3d 101 (2010).

In this case, the trial court's determination that circumstances relevant to the capacity of mother to take care of the children properly have changed was based, in large part, on its finding that the DHS report concerning mother's neglect of the children was determined by DHS to be a "founded" report. But that finding by the trial court was in error; it was not supported by evidence in the record.

Further, the trial court's erroneous understanding that there was a "founded" DHS report was a significant factual premise undergirding its change of circumstances ruling: In making its change of circumstances ruling, the trial court stated that it was the "founded" DHS report of neglect by mother that "concern[ed it] the most."

We therefore vacate the supplemental judgment, and we remand to the trial court for reconsideration of its change of custody determination. *See Hammer v. Hammer*, 280 Or App 175, 176, 380 P3d 1196 (2016) (vacating and remanding for reconsideration attorney fee award where award was based on a "materially erroneous factual premise"). To the extent that father suggests that our standard of review requires us to infer implied factual findings by the trial court to support the trial court's change of circumstances ruling, we cannot infer such implied factual findings in this case, because in view of the erroneous premise undergirding the trial court's change of circumstances ruling, we cannot "deduce that the trial court's chain of

reasoning must necessarily have included" such implied findings. *Lunacolorado*, 238 Or App at 696.

Vacated and remanded.