No. 448 June 26, 2024 517

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
OF OREGON

In the Matter of the Marriage of

JAMES LEE PASKO,
*Petitioner-Respondent,*
*and*

TINA MARIE TRACHSEL,
*Respondent-Appellant.*

Washington County Circuit Court
19DR17335; A177113

D. Charles Bailey, Jr., Judge.

Argued and submitted November 15, 2023.

Andrew W. Newsom argued the cause and filed the briefs for appellant.

George W. Kelly argued the cause and filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

Reversed and remanded.

**JOYCE, J.**

Wife appeals from a dissolution judgment, raising four assignments of error. In her first two, wife challenges the court's treatment of settlement funds that she received after she was injured in a work-related automobile accident. More specifically, wife argues that the trial court erred in finding that her personal injury settlement funds were marital assets entitled to the presumption of equal contribution under ORS 107.105(1)(f)(c). In her third assignment of error, wife contends that the trial court erred in awarding wife only five years of maintenance spousal support. In her final assignment of error, wife argues, and husband concedes, that the trial court erred in refusing to hold a hearing on her ORCP 71 motion. We conclude that the record does not support the trial court's finding that the settlement funds were marital assets, and, accordingly, we remand for reconsideration of that question. In light of our disposition of wife's first two assignments of error, we need not address wife's third assignment of error because, on remand, the court must reconsider the property division and having done that, reconsider the spousal support award. *See Matus and Matus*, 159 Or App 323, 325-26, 976 P2d 1179 (1999) (explaining that, when setting the duration of spousal support, the court must consider "all relevant factors in the context of the specific facts of each case," including "the division of the parties' property"). On remand, the court will also be able to consider the issues raised in wife's ORCP 71 motion that is the subject of her fourth assignment of error.

ORS 107.105(1)(f) governs property division upon dissolution of marriage, and it directs the court to divide the parties' real and personal property in a manner that is "just and proper in all the circumstances." ORS 107.105(1)(f) distinguishes between property brought into the marriage and "marital assets"—that is, property that was acquired during the marriage. *Kunze and Kunze*, 337 Or 122, 133-34, 92 P3d 100 (2004). Marital assets are subject to the presumption of equal contribution, whereas separately acquired assets are not. *Id.* at 134. Thus, the court's first step in applying ORS 107.105(1)(f) is to "determine when the parties acquired the property that is at issue." *Id.* at 133-34.

That first step is the subject of the dispute in this appeal. We are bound by the trial court's express and implicit factual findings if they are supported by any evidence in the record. *Morton and Morton*, 252 Or App 525, 527, 287 P3d 1227 (2012). Here, the question is whether the record supported the trial court's finding that wife's settlement proceeds were received during the marriage and, consequently, were marital assets.

The parties began dating in early 2002, moved in together later that same year, and married in November 2009. While the parties were dating—but before they married—wife was injured in a work-related automobile accident. Because the injuries that wife sustained caused her to suffer from chronic pain, wife stopped working shortly after the accident. A few years later and as a result of the accident, wife received personal injury settlement payments from multiple sources netting approximately $800,000. The only evidence in the record about when those payments were received was wife's testimony that she received them "in 2008 and 2009."

In his trial memorandum, husband acknowledged that wife had received the payments before the marriage. However, he argued that wife had commingled the settlement money by investing it into a joint investment account with husband and that it was "just and proper" for the court to award husband a portion of the money.

The trial court found that, "[a]lthough the injury occurred before the parties were married," the "settlement funds were received during the course of the marriage." As such, the trial court treated the settlement funds as marital assets that were subject to the presumption of equal contribution. It also concluded that wife had not rebutted that presumption. The court further found that the proceeds from the settlement were "irrevocably tangled" because both parties had used the funds to "purchase personal effects and to pay the debts of the marriage."

On appeal, wife argues that the trial court erred in finding that her personal injury settlement proceeds were "marital assets" that were entitled to the presumption of

equal contribution. We agree. The only evidence about when wife received her settlement funds was her testimony that she received the payments in "2008 and 2009." Because the parties married in November of 2009, the funds that were received in 2008, at a minimum, could not have been received during the marriage. Thus, there is no evidence to support the trial court's finding that all of "the settlement funds were received during the course of the marriage."

Husband argues that a portion of his testimony allows for an inference that the settlement funds were received during the marriage. In particular, husband contends that his testimony that they "commingled" Ameriprise investment accounts after they married in 2009 taken together with his testimony that he opened up additional Ameriprise accounts "once [wife] *** got her settlement" supports the trial court's factual finding. We do not agree with husband's reading of the record. Although husband's testimony might allow an inference that wife put the funds in the Ameriprise account during their marriage, husband's testimony does not establish when wife actually received the funds.[1]

In sum, the record does not support the trial court's finding that all of the settlement funds were received during the marriage. Consequently, the court erred in treating them as marital assets subject to the presumption of equal contribution, and we must remand for the court to make the necessary findings and reconsider its property distribution. *See Bouris and Bouris*, 276 Or App 637, 638, 369 P3d 1186 (2016) (remanding for reconsideration after concluding that the record did not support one of the trial court's predicate findings of fact).

Reversed and remanded.

---

[1] To the extent that husband asserted during oral argument that the trial court's determination that the settlement money was "irrevocably tangled" constituted an alternative basis for the trial court's division of property, we disagree. The trial court's finding that the funds had been "irrevocably tangled" was tied to its explanation of why wife had failed to rebut the presumption of equal contribution. It was not an alternative basis for the court's determination that the funds were marital assets in the first instance.