452 March 5, 2025 No. 186

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Joshua Matthew PARR,
*Petitioner-Respondent,*
*and*

Sandra Louise ROBERTSON,
fka Sandra Louise Parr,
*Respondent-Appellant.*

Washington County Circuit Court
20DR18203; A178157

D. Charles Bailey, Jr., Judge.

Argued and submitted December 4, 2023.

Daniel S. Margolin argued the cause for appellant. Also on the briefs was Margolin Family Law.

Amy D. Fassler argued the cause for respondent. On the brief were Thomas A. Bittner, Amy D. Fassler and Schulte, Anderson, Downes, Aronson & Bittner, P. C.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Powers, Judge.

POWERS, J.

Reversed and remanded.

**POWERS, J.**

In this domestic relations proceeding, wife appeals from a corrected general judgment of dissolution of marriage. Advancing three assignments of error, wife asserts that the trial court erred by (1) awarding husband a larger share of the marital estate based on an incorrect calculation of the parties' assets and liabilities inconsistent with the intent to award wife a larger share of the marital estate; (2) denying wife's request for spousal support where the determination was based on a flawed division of the marital estate; and (3) failing to consider husband's retirement contributions in calculating husband's income for purposes of determining spousal support. Husband does not dispute that the court introduced a mathematical—or more specifically an arithmetic—error but argues that wife's claims are not preserved. For the reasons stated below, we reverse and remand.

We set out only a limited recitation of the underlying facts in this nonprecedential memorandum opinion because the parties are familiar with the procedural and background facts. To prepare for the dissolution proceeding, both parties attached statements of assets and liabilities consistent with UTCR 8.010 to their trial memorandums to aid in the division of their marital assets. At issue in this appeal is only husband's Kaiser Retirement account, which both parties included in their statements. Husband asserted that the post-tax value of his Kaiser Retirement account was $344,716, such that each spouse would receive approximately $172,000. Wife contended that the post-tax value of husband's Kaiser Retirement account was $366,316, such that each spouse would receive approximately $183,000. Both parties' statements equally divided all investment and retirement accounts.

During the dissolution proceeding, the trial court asked wife if, according to her statement of assets and liabilities spreadsheet, there were $183,000 in annuities and retirement accounts. Perhaps mistakenly assuming that the court was referencing her proposed distribution to herself in the amount of $183,000, wife answered affirmatively. Incorrectly believing that $183,000 approximated the total

value—instead of wife's share of the total value—the court then divided the marital property using that incorrect value instead of the total amount of the account, which was $366,316 according to wife's spreadsheet.

In rendering its decision, the trial court specifically explained that it intended to award wife a greater proportion of assets and liabilities compared to husband:

> "It is the court's intent that the assets and liabilities do not come out exactly equal. In adding up all the columns, Wife is coming out around $115,922.00 ahead. *** In framing my decision, although the court appreciates that the additional value is more than the court would likely have given for any spousal support judgment, the additional value has been given to Wife in lieu of any spousal support and to accomplish the task of disentangling the parties as much as possible."

Ultimately, however, based on an incorrect understanding of the total amount in husband's retirement accounts, husband received the larger share of the marital estate.

Wife did not object to the property division during the proceeding or after the court issued its judgment. The court later issued a corrected general judgment of dissolution of marriage, after which wife filed a motion for a new trial based on the mathematical error. The court denied the motion for a new trial. Wife then appealed the corrected general judgment and incorporated the denial for a new trial.

In her first assignment of error, wife asserts that the trial court erred by awarding husband a larger share of the marital estate based on an incorrect calculation of the parties' assets and liabilities, which is inconsistent with the trial court's intent to award wife a larger share of the marital estate. Husband agrees that the trial court made a mathematical error but argues that wife failed to preserve her argument for appeal, and that this is not plain error. Alternatively, husband argues that wife invited the error because counsel answered affirmatively when asked by the court if there was $183,000 in retirement and annuities. For the reasons stated below, we conclude that the argument is preserved and that the trial court erred by using the wrong retirement account value.

As a general matter, an issue ordinarily must first be presented to the trial court to be considered on appeal. *See, e.g.*, *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008) (describing the preservation rule and observing that it "gives a trial court the chance to consider and rule on a contention, thereby possibly avoiding an error altogether or correcting one already made, which in turn may obviate the need for an appeal"). To properly preserve a claim of error, a party must provide notice to the trial court such that it can consider and correct the issue if correction is warranted. *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). However, counsel is not required to label the notice as an objection. *See Charles v. Palomo*, 347 Or 695, 701-02, 227 P3d 737 (2010) (explaining that the fact that the plaintiff made his request politely and did not use the word "objection" does not make his objection inadequate).

Here, the argument on appeal focuses on the division of marital property, specifically husband's Kaiser Retirement account. Both parties submitted a memorandum listing the retirement account value, and the trial court and the parties discussed the proposed values of the account and how it should be divided. Therefore, the court and the parties raised the issue that the retirement account was used to divide marital assets and thus had notice that an incorrect value or division could be an issue raised on appeal. *See State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988) (drawing distinctions between raising an issue at trial, identifying the source, and making a particular argument). Accordingly, we conclude the error is preserved.

On appeal, wife asks us to exercise our discretion to review *de novo*, a standard reserved for "exceptional cases." *See* ORS 19.415(3)(b); ORAP 5.40(8)(c); *see also* ORAP 5.40(8)(d) (identifying considerations, which are neither exclusive nor binding, that can help decide whether to exercise *de novo* review). We are not persuaded that this is an exceptional case justifying *de novo* review. Accordingly, we decline to engage in *de novo* review.

ORS 107.105(1)(f) provides that, absent any error in methodology or outcome outside of the legally permissible range, we will affirm a trial court's determination as

to what property division is just and proper. *Van Winkel & Van Winkel*, 289 Or App 805, 810, 412 P3d 243 (2018). We may reverse and remand a trial court's decision if that decision is based on incorrect values. *See Kaptur & Kaptur*, 256 Or App 591, 594-98, 302 P3d 819 (2013) (remanding to the trial court when there was no evidence to support the mortgage figure used in the court's calculation, and the evidence instead demonstrated a debt twice the amount used by the trial court).

Here, both parties agree that the trial court introduced a mathematical error when it divided the marital assets based on the incorrect post-tax value of husband's retirement accounts. The court misread wife's statement of assets and liabilities to mistakenly believe that the full value of husband's account to be approximately $183,000, which was wife's proposed half of the total value and not the full value. This computational error resulted in a property division contrary to the court's stated goal of awarding the wife the greater amount of the marital estate, and instead awarded husband the greater amount. Furthermore, we are not convinced that counsel's brief statement was instrumental in bringing about the error given the ambiguity in the question and answer. Thus, we do not conclude that this is invited error. In short, we agree with the parties that the trial court erred when it based its property division on an incorrect valuation of the retirement account.

Turning to wife's next two assignments of error, wife asserts that the trial court erred by denying wife's request for spousal support where the determination was based on a flawed division of the marital estate and that the trial court erred in failing to consider husband's retirement contributions in calculating husband's income for purposes of determining spousal support. Because both of those issues are impacted by the computational error described above, we need not reach her assignments of error on appeal, and the parties and the trial court will have the opportunity to address them on remand.

Reversed and remanded.