No. 183        March 11, 2026        665

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Tyler Joseph SORENSON,
*Petitioner-Respondent,*
*and*

Kayla Marie SPRIET,
*Respondent-Appellant.*

Umatilla County Circuit Court
19DR15290; A187114

Eva J. Temple, Judge.

Argued and submitted February 19, 2026.

Kayla M. Spriet filed the brief pro se.

No appearance by respondent.

Before Tookey, Presiding Judge, Lagesen, Chief Judge, and Kamins, Judge.

LAGESEN, C. J.

Vacated and remanded.

**LAGESEN, C. J.**

Mother appeals a supplemental judgment modifying a domestic relations judgment that (a) changed custody of the parties' two children from mother to father; (b) deemed father's unpaid child support arrearages to be satisfied; and (c) ordered mother to pay child support to father but deferred her obligation to pay until 2029 due to father's failure to pay child support. Mother raises three assignments of error: (1) that the trial court erred in finding that father had sole custody of the children and was the children's primary caregiver from the time the parties separated in 2015 until mother obtained custody in 2020; (2) that the trial court failed to properly apply the-best-interest-of-the-child framework under ORS 107.137; and (3) that the trial court erred when it addressed father's child support arrearages by ordering mother's child support obligation to start in 2029. Father has not appeared on appeal. We vacate and remand on mother's first assignment of error and, therefore, do not address the second and third assignments of error because those alleged errors may not recur on remand.

As noted, mother first assigns error to the trial court's factual finding that mother only had custody from 2020 onward, and that father had custody from the time of the parties' separation in 2015 through 2019. Mother has not requested *de novo* review, so we review that finding to determine whether it is supported by any evidence in the record. *Kaptur v. Kaptur*, 256 Or App 591, 596 n 2, 302 P3d 819 (2013). It is not. There was no evidence presented at the modification hearing that would support that finding. To the extent the trial court may have relied on the evidence presented at the dissolution hearing, there was no evidence presented there to support that finding. On the contrary, it was uncontroverted that mother had custody of the children from the time of the parties' separation in September 2015 until she moved to Portland at the end of 2016 or beginning of 2017. Father testified that mother's move occurred in late 2016, while mother testified that it occurred in January 2017. Finally, we note that the trial court's challenged finding is at odds with the finding in the dissolution judgment itself, which found that "[i]nitially, [m]other had custody of

both children and went to live with her mother in Pendleton" until mother moved to Portland in 2016 and asked father to care for the children. The trial court therefore erred in making that finding.

The next question is whether that error requires us to reverse or vacate the judgment on appeal. That turns on whether the trial court's factual error was material to its ultimate determination to change custody. *See Ungerman and Ungerman*, 311 Or App 696, 700-01, 492 P3d 1280 (2021) (analyzing whether trial court's unsupported factual finding was material to its ultimate determination to change custody). Here, the trial court's ruling demonstrates that its erroneous understanding of the parties' custodial history was material to its decision. First, the court noted in its ruling that the parties' history with the children was "important," before reciting an erroneous version of that history: "Another important consideration is the history of this case. Initially, parents separated when [O] was 6 months old. Father had been the primary care provider and had sole custody. *** Mother had never had custody due to her drug addiction and need to complete in-patient treatment." Second, the court emphasized the same erroneous history in determining that father's ties to the children were stronger than mother's ties: "From the children's birth in 2014 and 2015 to September of 2020, [f]ather was their primary caregiver, except during a time when [m]other withheld the children in violation of her agreement with [f]ather," which caused father to initiate dissolution proceedings.

Because the trial court's erroneous understanding of the parties' custodial history played a material role in its decision to change custody, we must vacate and remand to the trial court for reconsideration of its change of custody determination. *Ungerman*, 311 Or at 700 (where trial court's change-of-custody determination was based on erroneous factual finding, proper course was to vacate and remand for reconsideration based on a correct view of the facts).

Vacated and remanded.