Argued and submitted September 25, reversed and remanded for further consideration November 4, 1998

# DEPARTMENT OF TRANSPORTATION,
*Petitioner,*

*v.*

# DOUGLAS COUNTY,
*Respondent.*

## (LUBA No. 97-178)

# DEPARTMENT OF LAND CONSERVATION AND DEVELOPMENT,
*Petitioner,*

*v.*

# DOUGLAS COUNTY,
*Respondent.*

## (LUBA No. 97-181; CA A102996)

967 P2d 901

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for petitioners. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Paul E. Meyer, Assistant County Counsel, waived appearance for respondent.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

DEITS, C. J.

**DEITS, C. J.**

Petitioners Oregon Department of Transportation and Department of Land Conservation and Development (collectively "petitioners") appealed to LUBA from Douglas County's comprehensive plan and land use regulation amendments, which were adopted to achieve compliance with the Transportation Planning Rule (TPR), OAR chapter 660, division 12, that the Land Conservation and Development Commission (LCDC) promulgated in relevant part after the county's preexisting plan and ordinance provisions were acknowledged.[1]

LUBA sustained some of petitioners' challenges, rejected others and held that it lacked "jurisdiction" to review some of the county provisions that petitioners asserted were not in compliance with the TPR and related regulations. LUBA remanded the county's decision. Petitioners seek review and argue that LUBA erred insofar as it concluded that it lacked jurisdiction to consider their contentions. We agree and remand for LUBA to reach the merits of the contentions that it held to be beyond its review authority.

The TPR serves as an implementing rule to statewide planning Goal 12. In broad terms, it requires local governments to include in their comprehensive plans a combination of their acknowledged existing provisions, newly adopted provisions and amended provisions that, taken together, achieve consistency with the TPR's requirements. OAR 660-012-0010(2); OAR 660-012-0015; OAR 660-012-0055. In that respect, the specific local compliance requirements of the TPR itself mirror the more general mandate of ORS 197.646(1), which provides in relevant part:

"A local government shall amend the comprehensive plan and land use regulations to implement new or amended statewide planning goals, Land Conservation and Development Commission administrative rules and land

---

[1] The TPR incorporates or is related to a series of other regulations that have been promulgated—or the promulgation of which is prospectively required—by various state agencies and local governments. It would complicate this opinion unnecessarily to refer to all of the regulations separately, and our references to the TPR will serve to include the related regulations that it embodies or requires.

use statutes when such goals, rules or statutes become applicable to the jurisdiction.'"

It is undisputed that amendments and additions to acknowledged land use legislation constitute "land use decisions" over which LUBA has jurisdiction. ORS 197.015(10)(a)(A); ORS 197.825. It is also undisputed that the enactment of new and the amendment of existing acknowledged comprehensive plan provisions are decisions that LUBA reviews, *inter alia*, for compliance with the state-wide planning goals. ORS 197.835(6). Under some circum-stances, at least, the amendment of existing and adoption of new land use regulations are also reviewable, *inter alia*, for compliance with the goals. The requirement that such deci-sions must comply with the statewide goals carries with it the requirement that they also comply with LCDC's rules that implement the goals, and LUBA's scope of review of such enactments extends to the issue of their compliance with LCDC's rules. *See Bicycle Transportation Alliance v. Wash-ington Cty.*, 127 Or App 312, 873 P2d 452, *on recons* 129 Or App 98, 876 P2d 865, *rev den* 320 Or 131 (1994).

LUBA exercised its review authority in connection with petitioners' contentions challenging the county's provi-sions that it enacted or amended as part of this decision. However, LUBA concluded that it lacked authority to review certain provisions—or language within provisions—that pre-existed the present decision and that were "not [directly] amended or affected by any of the amendments in the chal-lenged decision." In other words, LUBA agreed that it had authority to review the county's newly enacted provisions and amended provisions for compliance with the TPR; how-ever, it concluded that it lacked authority to review any exist-ing provisions that the county did not change in its decision, but which petitioners asserted, *inter alia*, were contrary to the TPR in their unaltered form. LUBA explained:

> "Petitioners do not argue that the provisions objected to were amended by the challenged decision or affected by the challenged decision in any way. Instead, petitioners appear to presume that the county has an obligation, enforceable by [LUBA], to bring specific provisions of its acknowledged comprehensive plan and land use ordinance into compli-ance with the TPR, *i.e.* make it consistent with the state

[regulations], *as part of this decision*. However useful that exercise might be, petitioners have not identified and we are not aware of the source of the presumed obligation. Absent that obligation, we conclude that the focus of our review is not whether the county's plan and land use ordinance are consistent with the TPR and [related regulations], but rather whether the challenged decision amends the county's plan or land use ordinance in a manner that violates the TPR[.]" (Emphasis LUBA's.)

LUBA relied on *Urquhart v. Lane Council of Governments*, 80 Or App 176, 721 P2d 870 (1986), where we held that LUBA lacked authority, in reviewing a local plan amendment that allowed or facilitated a nonresource use, to consider whether Goal 5 required that the area in question be added to the county's inventory under that goal. We explained that the area had not been included in the previously acknowledged Goal 5 inventory, that the area had been "excluded from the inventory before the [plan] amendment was enacted," and that any reassessment of the area's omission from the inventory must occur during LCDC's periodic review of the locality's compliance with the goals rather than in the appeal from a particular land use decision that was consistent with the acknowledged inventory as it stood. *Id*. at 180-81. *See Yamhill County v. LCDC*, 115 Or App 468, 472-73, 839 P2d 238 (1992) (explaining why *Urquhart* is inapposite to LCDC's review and other authority in conducting periodic review).

As in *Urquhart*, one of the questions here is whether petitioners' challenges concerning existing local provisions that were not amended by the land use decision under review may be considered by LUBA in the appeal from the decision. However, this case differs from *Urquhart* in a fundamental respect: The overriding issue here *is* whether the county's decision complies with a goal—or at least with a rule that LCDC has promulgated to implement the goal. It is true that existing legislation that the county did not alter is, *ipso facto*, not part of its decision in a literal sense; but that truism is not decisive, because noncompliance with the TPR exists as much in the failure to change existing local provisions that are inconsistent with the rule as in new provisions or amendments that do not comply with it.

The question, then, comes down to whether the scope of LUBA's inquiry in this case is limited to sins of commission by the local decision maker, as in *Urquhart*, or extends to sins of omission as well. More specifically, the question is whether *this* county decision is reviewable for compliance with the TPR only with respect to what the county actually *did* in the decision, or whether LUBA may reach the broader issue of whether the county's legislation as a whole has been brought into compliance with the TPR by the decision. If LUBA may review whether the county's legislation as a whole has been brought into compliance, then, of course, LUBA may reach petitioners' contentions that the county's failure to correct noncomplying existing provisions is an error in this decision. Based on the text and context of the relevant statutes and rules, we conclude that LUBA did have authority here to consider whether the county's existing and unchanged legislative provisions comply with the TPR.

The ordinance through which the county adopted the decision that is at issue here states in a recital:

> "Amendments to the Comprehensive Plan and [county land use regulations] are needed to comply with LCDC administration rule requirements. Amendments relate directly to an update of the County Transportation System Plan and are in response to OAR 660-12."

Thus, the county decision expressly indicates that it was intended as an effort to achieve comprehensive compliance with the TPR, as distinct from being a piecemeal enactment dealing with transportation issues. Although the county's description of the enactment is, of course, not independently decisive of the scope of LUBA's authority to review it, the county's description coincides with the TPR's own provisions, discussed earlier, requiring local governments to assure that their plans and regulations comply comprehensively with the rule's applicable requirements and that they undertake affirmative legislative action when necessary to achieve that end. Given that mandate of the rule, it is impermissible for localities to retain existing legislation that is inconsistent with the TPR's requirements. Further, it would be correspondingly illogical for the existing legislation to be beyond LUBA's

scope of inquiry in an appeal from a local decision that purports to contain the enactments necessary to bring the local land use legislation into compliance with the TPR.

Beyond the fact that the county's decision here was intended to achieve comprehensive compliance with the TPR, the state provisions required the county to take such comprehensive measures by the time that the county made the decision. The county's decision was made in August 1997. ORS 197.646(1) *requires* local governments to amend their plans and regulations to implement rules and other state provisions "when such" provisions "become applicable to the [local] jurisdiction." As relevant here, the latest arguable date that the TPR allows for local compliance with its requirements is April 12, 1996. OAR 660-012-0055(4)(a). Therefore, the rule had "become applicable" to the county before it adopted the decision in the present case.

It is also significant that both ORS 197.646 and the TPR contemplate the enactment of complying local legislation *before* the time of a local jurisdiction's regular periodic review. ORS 197.646(1) requires the enactment of local implementing legislation when a rule or other state provision "become[s] applicable." It differs from other statutes, *e.g.*, ORS 215.416(2), that expressly defer the local government's obligation to demonstrate compliance with their requirements until the time of periodic review. The TPR, in turn, makes clear that local compliance with its requirements must precede the time of regular periodic review. After setting forth the specific deadlines for the enactment of local implementing legislation in the preceding subsection, OAR 660-012-0055(5) requires cities and counties to "update" their legislation "as necessary to comply with this division at each periodic review *subsequent to initial compliance* with this division." (Emphasis added.) We noted earlier that this case differs from *Urquhart* in that the local land use decision here is directly reviewable for compliance with a statewide rule. In addition, there is a second critical difference between the two cases: Unlike *Urquhart*, where we observed that the periodic review process was the occasion for reevaluating the local government's compliance with Goal 5, the county here was required to be in compliance with the state rule before the time of periodic review.

In sum, the county was required by applicable provisions of state law to bring its land use legislation into full compliance with the TPR by the time of and through the present land use decision. Accordingly, we conclude that the county's failure to enact any necessary legislation, including changes to any existing noncomplying provisions, could constitute an error in this decision and was reviewable by LUBA as such. We remand for LUBA to consider petitioners' contentions that existing county provisions are contrary to the TPR.[2]

Reversed and remanded for further consideration not inconsistent with this opinion.

---

[2] Axiomatically, by holding that LUBA must review petitioners' challenges, we imply no view of their merits.