Argued and submitted April 20, affirmed on petitions and cross-petition
June 28, 2000

Norbert J. VOLNY,
Joan Volny, Norbert A. Volny, and SBV Sales, Inc.,
*Petitioners - Cross-Respondents,*

*and*

Timothy L. ROBINSON,
Jill C. Lang, Lynn M. Pickney,
Richard C. Robinson, Jr., Harvey M. Watt,
Marcia Rose, William G. Ellis and Betty Ellis,
Co-Trustees of the William and Betty Ellis
Revocable Trust u/t/a dated October 8, 1990,
Donald O. Carlson, Shirley J.T. Carlson,
Richard L. Carlson, Scott D. Carlson,
Jill M. Carlson, Randie S. Carlson,
Toni M. Carlson, Gladys Steinlicht,
Leonard Peverieri, and Kent Couch,
*Intervenors below,*

*v.*

CITY OF BEND,
*Respondent - Cross-Petitioner.*

(LUBA No. 98-210)

Norbert J. VOLNY,
Joan Volny, Norbert A. Volny, and SBV Sales, Inc.,
*Petitioners,*

*and*

Timothy L. ROBINSON,
Jill C. Lang, Lynn M. Pickney,
Richard C. Robinson, Jr., Harvey M. Watt,
Marcia Rose, William G. Ellis and Betty Ellis,
Co-trustees of the William and Betty Ellis
Revocable Trust u/t/a dated October 8, 1990,
Donald O. Carlson, Shirley J.T. Carlson,
Richard L. Carlson, Scott D. Carlson,
Jill M. Carlson, Randie S. Carlson,

Toni M. Carlson, Gladys Steinlicht,
Leonard Peverieri, and Kent Couch,
*Intervenors below,*

*v.*

DESCHUTES COUNTY,
*Respondent.*

(LUBA No. 98-215; CA A109112)

4 P3d 768

Paul J. Speck argued the cause for petitioners - cross-respondents. With him on the briefs were Forcum & Speck, Corinne C. Sherton, and Johnson & Sherton, P.C.

Ronald L. Marceau, City Attorney, argued the cause and filed the brief for respondent - cross petitioner City of Bend.

Bruce W. White, Deputy Legal Counsel, waived appearance for respondent Deschutes County.

Before Kistler, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

DEITS, C. J.

## DEITS, C. J.

Petitioners seek review of, and the City of Bend[1] cross-petitions from, LUBA's decision remanding the city's amendment of the transportation provisions of its comprehensive plan. LUBA rejected petitioners' contention that the city could not lawfully amend the plan's transportation provisions, because it had not adopted a Transportation System Plan (TSP) in accordance with or by the time specified in the Land Conservation and Development Commission's (LCDC) Transportation Planning Rule (TPR). OAR 660-012-0000 *et seq.* However, LUBA agreed with petitioners that the city's decision had not demonstrated compliance with a number of statewide planning goals and rules or with certain existing provisions of the comprehensive plan. Petitioners assign error to the first ruling, and the city challenges the latter rulings in its cross-petition. We affirm.

■ ■   The city adopted the challenged amendments on November 18, 1998. While a detailed description of them is unnecessary, petitioner characterizes their effect as "substantial," and we accept the characterization at least for the sake of this discussion. At the time the city took its action and—as far as the record shows—now, the city had not adopted a TSP. Under OAR 660-012-0055(2), the deadline for its doing so had passed on May 8, 1997.[2] Based on their reading of various sections of the TPR, petitioners argue in their assignment of error to us that it is impermissible for a city to

---

[1] In the companion case, Deschutes County rather than the city is the respondent governmental body. The county has not appeared, and the two cases have been treated identically by the other parties. For simplicity, we will refer only to the city and its actions in the text.

[2] In a variety of connections, the city relies on an October 14, 1998, letter to it from the regional representative of the Department of Land Conservation and Development (DLCD). The letter "recommend[ed] approval of the proposed amendments," and, among other things, purported to "[defer] until periodic review" the "completion and implementation of the transportation system plan[.]" Although the point is not critical to our disposition of petitioners' argument, it nevertheless bears mention that, under OAR 660-012-0055(6), the director of DLCD is authorized to "grant a whole or partial exemption from the requirements of [OAR chapter 660, division 12, *inter alia*,] to cities under 2,500 population[.]" Acting under OEC 201b(2), we take judicial notice of the fact that the population of Bend substantially exceeds 2,500.

adopt a "substantial amendment to the transportation element of a comprehensive plan" after May 8, 1997, if the city has not adopted its TSP. Petitioners assert, *inter alia*, that the TPR provisions require the TSP to serve as the fundamental transportation planning tool for local jurisdictions, to be included in local comprehensive plans, and to proceed and guide other transportation planning actions after the date by which the TPR requires the local TSPs to have been adopted.[3]

■■ The city responds to and LUBA addressed petitioners' argument according to its terms. In our view, however, there is a critical question that precedes the substantive issues that petitioners raise. It is important to bear in mind that what was before LUBA and what is before us for review is the land use decision by which the city adopted the amendments to its comprehensive plan. This is not an enforcement proceeding under ORS 197.319 *et seq.* to redress the city's failure to adopt a TSP. *See* ORS 197.646(3). Consequently, even assuming the correctness of every other point that petitioners make, their assignment can demonstrate error only if they are right in their presupposition that it is categorically unlawful for cities to enact or amend their local transportation regulations if they have failed to adopt a TSP within the time that the TPR requires. Petitioners offer no authority to bear that presupposition out, and everything that we find on point is to the contrary.

ORS 197.646 provides, as material:

___

[3] Petitioners also assert that the amendments that the city did adopt contain some "elements" that are similar in substance to those that OAR 660-012-0020(2) requires TSPs to contain. However, the amendments do not deal with all of the matters that the regulation requires TSPs to cover. Hence, according to petitioners, the functional effect of what the city has done is to adopt a TSP that does not comply with all of the regulatory requirements, and the city should not be permitted to avoid that fact through the expedient of calling the amendments something other than a TSP.

In our view, petitioners' contention suffers from the same "game of labels" defect that it ascribes to the city. The city's enactment is not and does not purport to be a TSP. The fact that it deals with some matters that TSPs must also address is not consequential, given the scope of the amendments, the particularity of the regulatory requirements for the contents of TSPs, and the identical general subject with which the two are concerned. That overlap does not mean that the city's amendments *are* a TSP.

"(1) A local government shall amend the comprehensive plan and land use regulations to implement new or amended statewide planning goals, Land Conservation and Development Commission administrative rules and land use statutes when such goals, rules or statutes become applicable to the jurisdiction.

"* * * * *

"(3) When a local government does not adopt comprehensive plan or land use regulation amendments as required by subsection (1) of this section, the new or amended goal, rule or statute shall be directly applicable to the local government's land use decisions."

OAR 660-012-0055, the section of the TPR that establishes the deadline for the adoption of TSPs, itself contains a corresponding provision. OAR 660-012-0055(4)(b) provides:

"Affected cities and counties that do not have acknowledged plans and land use regulations as provided in subsection (a) of this section, shall apply relevant sections of this rule to land use decisions and limited land use decisions until land use regulations complying with this amended rule have been adopted."

Accordingly, under both the general statute and the specific provision of the TPR, the failure of a locality to timely adopt provisions that are required by LCDC's rules does not preclude the local government from enacting local legislation that pertains to the same subjects as the rules; rather, it makes their enactments subject to review for direct compliance with the "unimplemented" rules. Indeed, in the present case, one of petitioners' challenges to the city's amendments that LUBA sustained was that the enactment had not been shown to comply with OAR 660-012-0060—a provision of the TPR.[4] However, petitioners' contention in their petition to us is that the city's failure to adopt a TSP has the effect of barring it from enacting legislation relating to transportation, not that the enactment fails to comply with any specific LCDC regulatory provisions that are applicable to it given the city's failure to adopt a TSP.

---

[1] LUBA's ruling in that connection is one of those to which the city assigns error in its cross-petition.

Petitioners rely on *Dept. of Transportation v. Douglas County*, 157 Or App 18, 967 P2d 901 (1998), to support their argument. In that case, the petitioners challenged the county's decision amending its comprehensive plan and land use regulations for the express purpose of bringing them into compliance with the TPR generally and the TSP requirements specifically. LUBA reached the merits of the petitioners' contentions that the county's newly enacted and amended provisions were contrary to TPR requirements. However, LUBA "concluded that it lacked authority to review any existing [local] provisions that the county did not change in its decision, but which [the] petitioners asserted * * * were contrary to the TPR in their unaltered form." *Id.* at 21. We disagreed with the latter conclusion. Given the stated purpose and scope of the county's enactment, together with the fact that the TPR had "become applicable" to the county under ORS 197.646 and OAR 660-012-0055, we concluded that the county's unamended as well as its new or amended provisions were reviewable for compliance with the TPR.

Petitioners' argument does not find support in *Dept. of Transportation*. The question there was whether the county's enactment was reviewable for specific inconsistencies with the TPR requirements that were applicable to its decisions, including its transportation-related enactments, until such time as the county was in compliance with the TPR. Here, conversely, petitioners argue that, because the city has not complied with a particular TPR requirement, it has no authority to make any enactments relating to transportation matters. While petitioners' argument is far from untenable as a policy matter, the policy they advocate is not the one that the legislature or LCDC has adopted. We reject their assignment of error and affirm on the petition.[5]

■ In its cross-petition, the city argues that LUBA erred insofar as it concluded that the city's decision did not demonstrate compliance with various statewide goals, LCDC rules, and existing city plan provisions. The city offers one common argument for the various errors it claims: that LUBA erred in holding that the letter from DLCD to the city,

---

[5] Given the grounds for our conclusion, we do not reach the different issues or comment on the different rulings that led LUBA to the same result.

described above in note 1, "has no legally cognizable bearing" on whether the city's amendments complied with the goals and rules. The letter contains a variety of statements to the effect that the amendments satisfied those provisions. The city makes it clear that it does not view the letter as "conclusive or preclusive," but maintains that, given the role that DLCD plays in post-acknowledgment plan amendments, together with other factors, the letter should have been accorded some "evidentiary weight" in connection with the goal and rule compliance issues.

While the particulars of the city's argument are not entirely clear, the overriding theme implicitly or explicitly rests on one or more of three premises: that there were factual matters for *LUBA to resolve* in connection with the goal and rule compliance issues; that DLCD plays some decision-making or comparably authoritative role in the post-acknowledgment plan amendment setting; or that DLCD's position on goal and rule compliance issues is entitled to deference (*i.e.*, some level of *legal* weight). We disagree with each of those premises.[6]

There were no factual questions for LUBA to decide or evidence for it to weigh. In each instance to which the city points in its cross-petition, LUBA's conclusion was that the *city* had not made the necessary findings or otherwise made the *legal* demonstration of goal or rule compliance that was required of *it*.

The city is also mistaken in its view that DLCD has any independently authoritative role in connection with the post-acknowledgment plan amendment process. Rather, it plays a role that is advisory to the local government, ORS 197.610(3), and to LCDC, ORS 197.610(4)(a); or a role that amounts to that of a party in the local government proceedings and, concomitantly, in appeals to LUBA. ORS 197.610(4)(b); ORS 197.620. In none of those connections does it play the role of a decisionmaker.

---

[6] Consequently, it is unnecessary for us to examine the correctness of the city's assumption that a letter from DLCD's regional representative was sufficient to constitute an exercise of any authority the agency itself might have had along the lines the city postulates.

■ Finally, DLCD's understandings and interpretations of the goals and rules adopted by LCDC are entitled to no deference.[7] *DLCD v. Jackson County*, 151 Or App 210, 220-21, 948 P2d 731 (1997). Like petitioners, the city shows no basis for disturbing LUBA's decision.

Affirmed on petitions and on cross-petition.

---

[7] We wish to make clear that the foregoing remarks relate only to the authoritativeness and deference that *must legally* be accorded to DLCD. We do not suggest that the *merits* of its views and positions are not generally entitled to persuasive consideration from those who serve in decisionmaking capacities. That, however, is not the issue here.