**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANIEL LEE WHITE,

            Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

            Defendant-Appellee.

No.   21-35613

D.C. No. 3:20-cv-02259-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted June 8, 2022
Portland, Oregon

Before: SCHROEDER and SUNG, Circuit Judges, and ANTOON,[**] District
Judge.

    Daniel Lee White appeals the district court's judgment granting the United

States' motion to dismiss his negligence claim filed under the Federal Tort Claims

Act. White suffered serious injuries while operating an all-terrain vehicle (ATV)

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable John Antoon II, United States District Judge for the
Middle District of Florida, sitting by designation.

on National Forest land. His claim is governed by an Oregon statute that contains a recreational immunity provision shielding landowners who provide free access to their land for recreational purposes. Or. Rev. Stat. § 105.682. The immunity provision contains an exception to immunity for landowners who make any "charge" for permission to recreate. Or. Rev. Stat. § 105.688(3).

The district court correctly ruled that the exception to the immunity provision does not apply because the United States does not charge a fee for use of the National Forest. White purchased an ATV permit from the State of Oregon to use the ATV, and the funds from such fees are distributed to landowners, including the United States, to maintain the recreational resources. But the Oregon Court of Appeals has recently held that such a fee does not constitute a charge for use of the land within the meaning of the Oregon statute. It is a fee for the use of an ATV vehicle, not for use of the land. *Stedman v. State ex rel. Dep't of Forestry*, 502 P.3d 234, 241 (Or. Ct. App. 2021). In addition, the immunity exception only applies when the landowner is the entity charging the fee, Or. Rev. Stat. § 105.672(1)(a), but the fee in this case was not imposed by the United States, the landowner, but by the State of Oregon.

In light of recent state court decisions, including *Stedman* and the Oregon Supreme Court's decision in *Horton v. Oregon Health & Science University*, 376

P.3d 998, 1027 (Or. 2016), there is no reason for us to question the validity of the immunity provision under the remedy clause of the Oregon Constitution. Or. Const. Art. I, § 10. *Horton* reaffirmed the validity of *Brewer v. Department of Fish & Wildlife*, 2 P.3d 418, 428 (Or. Ct. App. 2000) (holding recreational immunity statute constitutional). In this case, that issue was not even raised in the district court.

**AFFIRMED.**