Argued and submitted March 22, vacated and remanded for reconsideration of property division, otherwise affirmed July 6, 2023

In the Matter of the Marriage of

Karen CRAVEN,
*Petitioner-Respondent,*
*and*

David R. CRAVEN,
*Respondent-Appellant.*

Deschutes County Circuit Court
20DR04225; A177706

533 P3d 818

Husband appealed from a judgment dissolving the parties' marriage, contending that the trial court erred in its division of marital property, primarily relating to its equal division of marital appreciation on an investment account. Husband also assigned error to the trial court's denial of his request to take judicial notice of public market reports that he asserts would have assisted the court in determining appreciation to the account, as well as to the trial court's ultimate "just and proper" division of the marital property. *Held*: The trial court erred in rejecting husband's request to take judicial notice of publicly available information concerning the account's earnings. The Court of Appeals therefore vacated and remanded the judgment for reconsideration of whether the presumption of equal contribution has been overcome and for reconsideration of the division of property.

Vacated and remanded for reconsideration of property division; otherwise affirmed.

Alison M. Emerson, Judge.

Andrew W. Newsom argued the cause and filed the briefs for appellant.

Ruth A. Casby argued the cause for respondent. Also on the brief were Janet M. Schroer and Hart Wagner LLP.

Before Tookey, Presiding Judge, and Egan, Judge, and Kistler, Senior Judge.

EGAN, J.

Vacated and remanded for reconsideration of property division; otherwise affirmed.

**EGAN, J.**

Husband appeals from a judgment dissolving the parties' 26-year marriage, contending that the trial court erred in its division of marital property, primarily relating to its equal division of marital appreciation on an investment account brought into the marriage by husband, which passively grew from $324,635 when the parties were married in 1995 to $3,477,673 at the time of dissolution in August 2021. Husband also assigns error to the trial court's denial of his request to take judicial notice of public market reports that he asserts would assist the court in determining the amount of appreciation in the account due to the parties' payment of capital gains taxes from other accounts, as well as to the trial court's ultimate "just and proper" division of the marital property. We agree with husband that the court erred in rejecting his request that the court take judicial notice of publicly available information concerning the account's earnings. We therefore vacate and remand the judgment for the court to reconsider whether the presumption of equal contribution has been overcome and to reconsider its division of property.

Husband's assignments on appeal all relate to the trial court's property division, for which we provide an overview of the relevant legal principles. ORS 107.105(1)(f) directs a court entering a judgment of dissolution to divide property at dissolution in a manner that is "just and proper in all the circumstances." Under that statute, the court is empowered "to distribute any real or personal property that either or both of the parties hold at the time of dissolution, including property that the parties had brought into the marriage." *Kunze and Kunze*, 337 Or 122, 133, 92 P3d 100 (2004).

"Marital assets" fall into a subcategory of marital property and consist of assets acquired during the marriage, including the appreciation of assets brought into the marriage. *Id*. Marital assets are subject to a statutory presumption of equal contribution. ORS 107.105(1)(f)(C) (describing rebuttable presumption that both parties have contributed equally to the acquisition of marital assets, regardless of "whether such property is jointly or separately

held").[1] The presumption "embodies a legislative intent to recognize that, absent evidence to the contrary, each spouse's efforts during a marriage equally contribute to, and are made for the benefit of, the marital estate, regardless of the nature of those efforts or how the property is held." *Kunze*, 337 Or at 134. When the statutory presumption is not rebutted, absent other considerations, the "just and proper" division of the marital assets is an equal division between the parties. *Id*.

A party seeking to rebut the presumption of equal contribution "has the burden of proving by a preponderance of the evidence that the other spouse's efforts during the marriage did not contribute equally to the acquisition of the disputed marital asset." *Id*. If the presumption is rebutted, the court decides, in its discretion, how to distribute the asset without regard to any presumption, based on what is "just and proper in all the circumstances," in light of the parties' proven contributions to the asset. *Staveland and Fisher*, 366 Or 49, 57, 455 P3d 510 (2019). "A rebuttal of the presumption may justify a division of the marital assets on less than an equal basis." *Id*. When the party has proved that a marital asset was acquired free of any contributions from the other spouse, absent other considerations, it is "just and proper" to award that marital asset separately to the party who has overcome the statutory presumption. *Kunze*, 337 Or at 135.

In determining whether the statutory presumption has been rebutted with respect to appreciation in the value of an asset owned by one spouse at the time of the marriage, the court's first task is to determine the contribution by each party. *Hixson and Hixson*, 235 Or App 217, 230 P3d

---

[1] ORS 107.105(1)(f) provides, in part:

"In determining the division of property under this paragraph, the following apply:

"\*\*\*\*\*

"(B) The court shall consider the contribution of a party as a homemaker as a contribution to the acquisition of marital assets.

"(C) Except as provided in subparagraph (D) of this paragraph, there is a rebuttable presumption that both parties have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held."

946, *adh'd to as clarified on recons*, 235 Or App 570, 232 P3d 996 (2010). The court looks at the extent to which the other spouse contributed or did not contribute to the increase in value. *Massee and Massee*, 328 Or 195, 205, 970 P2d 1203 (1999). An inquiry into the relative contributions of the parties is required:

> "The court first must determine the magnitude of each spouse's overall contribution to the acquisition of marital assets from evidence in the record. If one spouse is a homemaker, that determination necessarily will include an assessment of the homemaker spouse's contribution to the enterprise of homemaking. A homemaker spouse's overall contribution may consist of a combination of domestic contributions and economic or other nondomestic contributions.

> "Once the court has determined each spouse's overall contribution to the acquisition of marital assets, the court compares the respective contribution of the spouses. The ultimate question is whether the spouse seeking to rebut the presumption of equal contribution has proved, by a preponderance of the evidence, that the other spouse did not contribute equally to the acquisition of marital assets."

*Id.* (footnote omitted). In assessing whether a party has satisfied that burden, ORS 107.105(1)(f) requires the court to consider both economic and noneconomic spousal contributions, including the contributions of a spouse as a homemaker. ORS 107.105(1)(f) (court shall consider contribution of spouse as homemaker). As the court said in *Massee*, 328 Or at 207:

> "[T]here is no difference in kind, analytically, between husband's contribution to the acquisition of the marital assets at issue here and wife's homemaker contribution to that acquisition. The only difference may be one of magnitude. Husband, here the spouse challenging the presumption of equal contribution, must prove by a preponderance of the evidence that wife did not contribute equally to the acquisition of the appreciation, during the marriage, of husband's separately held assets."

Evidence that appreciation of a nonmarital asset was not attributable to either spouse, *i.e.*, was "passive," generally will support a determination that the presumption has been overcome. *See Wolfe and Wolfe*, 248 Or App 582,

595, 273 P3d 915, *rev den*, 352 Or 266 (2012) (presumption overcome when entire account appreciation was passive and traceable to husband's premarital interest in the property); *cf. Denton and Denton*, 326 Or 236, 243-44, 951 P2d 693 (1998) (wife's willingness to relocate, as well as her economic and domestic efforts, were contributions to husband's enhanced earning capacity).

Evidence of "commingling" of an asset with household finances can come into play twice in a property division determination under ORS 107.105. In the context of the presumption, an act of commingling can preclude the court from identifying a spouse's separate contribution with sufficient reliability to determine whether or not both spouses have contributed equally to the disputed asset, *Kunze*, 337 Or at 138, and thus defeat an effort to overcome the presumption.

After determining whether the presumption of equal contribution has been overcome, the court makes a division of marital property that the court deems "just and proper in all the circumstances." ORS 107.105(1)(f). In the court's "just and proper" determination, a spouse's commingling of a separately held asset again becomes relevant. The court said in *Kunze*:

> "[E]ven if acts of commingling do not preclude the court from identifying the source of a disputed asset with sufficient reliability, the integration of a separately acquired asset into the parties' joint financial affairs through commingling may require the inclusion of that asset in the property division for a different reason. Specifically, * * * acts of commingling may operate to convert a separately acquired asset into a joint asset of the marital partnership."

337 Or at 139 (footnote omitted). In determining whether an act of commingling requires the inclusion of separately acquired property in the property division, the court evaluates the extent to which the separately acquired asset has been integrated into the joint finances of the marital partnership and whether any inequity would result from the award of that asset to that spouse as separate property. *Id*. at 142.

We turn to the trial court's rulings in this case as they bear on the primary dispute on appeal, which concerns

the trial court's division of the appreciation of an investment account. The trial court found that husband brought the account into the marriage, because the source of the account could be traced to husband's premarital investment, and that finding is not challenged on appeal. The court thus awarded to husband the full value of the account at the time of the marriage.[2] But the court determined that the appreciation in the account, which was due both to passive growth and to the continued reinvestment of the account's earnings over the 26 years of the marriage, was a marital asset, and that husband had not overcome the presumption of wife's equal contribution to that appreciation.[3] The court therefore split the appreciation portion of the account equally between the parties.

    In determining that husband had not overcome the presumption of equal contribution with respect to the appreciation of the account, the trial court cited the following:

> "(a) Wife refused to consider a Prenuptial Agreement as she insisted the marriage be one of equal sharing. Although not agreeing to that position, Husband proceeded with the marriage in full awareness of her position; (b) Wife was the primary homemaker and parent for the [parties'] children throughout the marriage and by all accounts, including Husband's, performed these roles excellently; (c) Although Husband handled all of the [parties'] investment decisions, during much of the marriage Wife handled their day to day finances; (d) there were a handful of times during the marriage that Husband made investment decisions about the location of these funds.

> "*** Finally, the use of the [parties'] joint funds to pay the income taxes that were incurred as the result of the annual growth of these accounts is impossible to overlook. This occurred throughout the entire marriage. This resulted in a substantial benefit to these separately held accounts. Husband now acknowledges that this should not have occurred and seeks to now reimburse the marital estate from this separate account for these income tax payments. The Court appreciates his efforts to do so. However,

---

[2] That award is not challenged on appeal.

[3] It is undisputed on appeal that the appreciation of the account is a marital asset.

that does not change the 25+ year history of what happened with these accounts.

"* * * Therefore, the Court finds that all but $324,635 of that account to be a marital asset upon which the presumption of equal contribution has not been overcome."

The court rejected husband's post-trial request to take judicial notice of public account earning reports that husband contended would assist the court in determining how much the fund grew as a result of the payment of capital gains taxes from the parties' joint assets. The court explained:

"I intentionally did not address the request for me to take Judicial Notice of the information requested by Husband. This is because of the fact that the issue in the case for me was not whether the account in question benefited $200k, $400k, $600k, or some other number, over the years. The issue is that marital resources were used for more than 25 years to the benefit of this account."

Thus, the trial court concluded that, in light of the use of marital resources throughout the marriage for the payment of taxes, the offered public information concerning the account's earnings would have no bearing on the court's determination whether the presumption had been overcome. The trial court determined that husband had not overcome the presumption of equal contribution.

In making a "just and proper" division of marital property, the trial court rejected husband's contention that it should consider wife's possible inheritance from her father, explaining that the father was still alive and that any award anticipating the inheritance would be speculative. In its division of the marital property, the court awarded to wife half of the marital growth in the disputed appreciation, $1,576,519.

Husband challenges the trial court's rulings relating to the property division in three assignments of error. In reviewing the court's rulings, we accept the trial court's findings that are supported by any evidence in the record, *Kaptur and Kaptur*, 256 Or App 591, 596 n 2, 302 P3d 819 (2013), and review the trial court's legal determinations for errors of law. *Morton and Morton*, 252 Or App 525, 527, 287 P3d 1227 (2012). The court's property division will not be

disturbed "unless the trial court misapplied the statutory and equitable considerations required by ORS 107.105(1)(f)[.]" *Van Winkel and Van Winkel*, 289 Or App 805, 810, 412 P3d 243, *rev den*, 363 Or 224 (2018).

A party seeking to rebut the presumption of equal contribution must persuade the trier of fact that "it is more probable than not that the other spouse did not contribute equally to the acquisition of the property." *Massee*, 328 Or at 204-05. Whether a party has overcome the presumption of equal contribution to appreciation of a premarital asset is a question of fact for the trier of fact. *Staveland*, 366 Or at 58 ("[Whether or not the presumption is rebutted] is a factual determination to be made by the trial court in the first instance."). However, there are situations when the underlying facts are not in dispute and the question instead is whether the trial court misapplied the law. *See, e.g.*, *Maldonado and Freed*, 294 Or App 583, 432 P3d 1154 (2018). In husband's view, this is such a case. In his first assignment of error, husband does not challenge the trial court's findings but contends that the court's determination relating to the presumption of equal contribution demonstrates legal error, and that the undisputed evidence requires the finding that the presumption of equal contribution has been overcome.

In the explanation for its ruling, the trial court cited wife's contribution as a homemaker. It is undisputed that, throughout the marriage, wife was the homemaker and the primary caregiver of the parties' children; she also managed the family's home finances, while husband managed their investments. Husband nonetheless argues that the factors cited by the trial court relating to wife's contribution as a homemaker do not support the trial court's conclusion relating to the presumption, because the evidence shows that those homemaker contributions did not contribute to the growth of the investment account.

We agree with husband that on this record, as in *Lind and Lind*, 207 Or App 56, 65, 139 P3d 1032 (2006), and *Wolfe*, 248 Or App at 595, it does not appear that wife's contributions as a homemaker made a *direct* contribution to the growth in the investment account.

But wife's homemaker role did contribute indirectly. It is undisputed that, throughout the marriage, husband paid taxes on capital gains on investments sold in the account from the parties' joint accounts, rather than from husband's separate funds or from the account earnings. Husband earned the money for the tax payments while wife was supporting husband's employment through her homemaking and child-rearing contributions. Those payments therefore constituted a contribution by wife. They allowed the account not to be diminished by payment of taxes and in that way contributed to the growth of the account, a fact that is not disputed by husband.[4]

The trial court relied on wife's indirect contribution through the payment of taxes on capital gains to conclude that the presumption of equal contribution had not been overcome. Husband asserts, however, that the record requires the finding that wife's contribution to the account through the payment of taxes on capital gains was not equal to growth solely attributable to the passive growth of the investment during the 26 years of the marriage. He asserts that the portion of the tax payments attributable to wife resulted in, at most, a growth of approximately 10.8 percent in the account, a figure that wife does not directly dispute, except to assert that husband "overstates" its accuracy. Husband contends in his second assignment of error that, in aid of the trial court's determination of the extent of wife's contribution, the trial court should have taken judicial notice of the publicly available historical data that husband offered by way of his request for judicial notice concerning the account's earnings during the relevant period, which he argues would have been relevant to the trial court's determination whether wife's contribution to the appreciation through her share of the tax payments was "equal" to husband's. As noted, the trial court declined to consider the information, determining that it was irrelevant, based on the court's conclusion

---

[4] We note that the parties do not argue that, apart from earnings that accrued to the account from the payment of taxes, the reinvestment into the account of the account's earnings themselves constituted marital contributions to the appreciation of the account that are partially attributable to wife. That argument would be foreclosed by our opinion in the factually similar *Wolfe*, 248 Or App at 595, where we did not treat reinvested earnings as a marital contribution to growth in an investment account.

that wife's contributions as a homemaker and the parties' 26-year practice of paying the account's capital gains taxes out of joint funds was sufficient to support the rejection of husband's contention that wife's contribution was not equal. We review the trial court's ruling excluding the evidence based on relevance for legal error. *See State v. Titus*, 328 Or 475, 481, 982 P2d 1133 (1999) (relevancy rulings reviewed for legal error).

Judicial notice applies to a fact that is "not subject to reasonable dispute," because the fact is either:

"(1)   Generally known within the territorial jurisdiction of the trial court; or

"(2)   Capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

OEC 201(b). *See Bowden v. Davis et al*, 205 Or 421, 430-31, 289 P2d 1100 (1955) (taking judicial notice of the physical and geographic arid conditions in southeast Oregon); *Volny v. City of Bend*, 168 Or App 516, 519 n 2, 4 P3d 768 (2000) (taking judicial notice of the population of Bend). There is no contention that historical earnings data offered by husband does not meet those prerequisites. We agree with husband that the trial court's reasoning for declining to take judicial notice of the publicly available information concerning account earnings because it had no bearing on the extent of wife's contribution in light of wife's contributions as a homemaker and other contributions to the marital partnership was incorrect. The court's determination that wife had made a contribution to the appreciation through the payment of taxes did not eliminate the need to determine the "magnitude" of her contribution. *Massee*, 328 Or at 207 ("[T]here is no difference in kind, analytically, between husband's contribution to the acquisition of the marital assets at issue here and wife's homemaker contribution to that acquisition. The only difference may be one of magnitude."). Contrary to the trial court's determination, evidence of the effect of the payment of taxes on capital gains over the years on the growth of the account, as wife's indirect contribution as a homemaker, was relevant to the court's determination of the extent of wife's contribution to the growth of the fund. Thus,

we conclude that the trial court committed legal error in concluding that that information was irrelevant, and therefore erred in rejecting the request for judicial notice and in determining on this record that husband had not overcome the presumption of wife's equal contribution to the appreciation in the account.[5]

In light of our conclusion that the trial court erred in determining on this record that the presumption of equal contribution was not overcome, we must remand the case to the trial court for it to reconsider husband's argument that the presumption has been overcome in light of evidence concerning the amount by which wife's portion of the parties' tax payments contributed to the growth of the fund. After the court makes that determination, the court will again have an opportunity to reconsider a just and proper distribution of the marital property.

Because the issue could arise on remand, we also address husband's third assignment of error, in which he contends that the trial court's division of the marital property was not "just and proper," because the court erred in failing to consider wife's prospective inheritance from her father in determining a "just and proper" division of assets. The primary asset of that potential inheritance is an investment fund. We agree with the trial court that, in light of the fact that wife's father was still living, consideration of that potential inheritance in the property division would have been speculative.

Vacated and remanded for reconsideration of property division; otherwise affirmed.

---

[5] Our conclusion hinges on those aspects of the marital property that, based on the record, are quantifiable.